UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Deborah Monacelli, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **COMPLAINT** |
| Kemper Sports Management, Inc. | ) ) **JURY TRIAL DEMANDED** |
| | ) ) |
| Defendant. | ) |

Plaintiff, Deborah Monacelli, by and through her attorneys and for her Complaint against Defendant state and allege as follows:

## JURISDICTION AND VENUE

1. This is civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S. C. § 1331 (federal question); and 28 U.S. C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant by virtue of their management of the Wilderness Golf Course at Fortune Bay Resort located in Tower, Minnesota, which is located in this District, and because the relevant events occurred in this District, the damages to Plaintiff were incurred in this District, and in online advertisements and copyright infringements were promotions for the business which is located in this District.

4. Venue is proper pursuant to 28 U.S. C. § 1400(b)).

## PARTIES

5. Plaintiff Deborah Monacelli, f/k/a Deborah McCauley is a natural person, residing at 1327 North 5th Street, Mankato, Minnesota.

6. Defendant Kemper Sports Management, Inc., is an Illinois Corporation, with a registered place of business of 500 Skokie Boulevard, Suite 444, Northbrook, Illinois, 60062.

## FACTS

7. The Plaintiff is a professional photographer and operates a photography business that includes wedding photography.

8. Plaintiff operates her photography business under the name "Zen Photography" and/or "Zen Photography by Deborah".

9. Plaintiff was hired by Gail Swor and Michael Swor to photograph the events of the wedding and reception of Meghan Swor and Waheed Oyelakin on September 19, 2015.

10. The wedding ceremony was held at the private property of Gail Swor and Michael Swor, and the wedding reception was held at the Wilderness Golf Course at Fortune Bay.

11. Bois Forte Community Redevelopment Corporation is the owner, operator, or otherwise financial beneficiary of the Wilderness Golf Course at Fortune Bay.

12.     Defendant Kemper Sports Management, Inc., is the management company for, and is responsible for and participates in the advertising and online presence of, the Wilderness Golf Course at Fortune Bay.

13.     The Wilderness Golf Course at Fortune Bay holds itself out on its website and online advertising as "Your Premier Location for Wedding Receptions in the Northland".

14.     The Wilderness Golf Course at Fortune Bay advertises its services on the website fortunebay.com, as well as weddingwire.com.

15.     Plaintiff photographed the events as contracted, which included a print release for the private reproduction of the photographs, which specifically provided that the digital images were for printing for personal use only. The print release specifically retains the copyright with Plaintiff, and states explicitly as follows:

> You may not alter [the photographs] in any way, or use them for commercial purposes without written permission from Deborah McCauley. This release does not include right of sale, nor is permission granted for contest entry or any 3rd party publication (web or printed) without written permission from DEBORAH MCCAULEY.
>
> ONLINE USE: Permission to post online: (email, social media, etc.) is given as long as credit is given to Zen Photography by Deborah. No editing or cropping is permitted in any way.

16.     Plaintiff uploaded the final edited digital prints of the event to a password-secured online hosting website at:

https://zenphotographybydeb.smugmug.com/organize/weddings/2015/meghanwaheed

17. Plaintiff provided to Meghan (Swor) Oyelakin and Waheed Oyelakin the link and sign in information for access to the photographs.

18. The first image on the site was the .pdf print release identified above.

19. Among the photographs that Plaintiff published on the website was included two certain photographs which are attached to this Complaint as Exhibit A (the "Original Photographs").

20. After Plaintiff provided access to the digital images to Meghan (Swor) Oyelakin and Waheed Oyelakin, Gail Swor and/or Michael Swor shared the images with their friend, Tom Beaudry who is the General Manager of The Wilderness.

21. On or about June 2, 2017, Plaintiff discovered that the Original Photographs had been rebranded with the logo for The Wilderness at Fortune Bay, which are attached to this Complaint as Exhibit B (the "Infringing Photographs") and were being displayed for advertisement purposes online on the website for The Wilderness, Fortune Bay, and Wedding Wire (the third-party advertising website weddingwire.com).

22. All use by the Defendant of the Plaintiff's photographs was without the knowledge or consent of the Plaintiff, the exclusive copyright owner.

23. As the management company for the Wilderness at Fortune Bay, Defendant was involved with the creation and dissemination of the Infringing Photographs.

24. As a result of the above actions of the Defendant, Plaintiff suffered damages in an amount in excess of $50,000 to be determined at trial.

## CAUSES OF ACTION

### Copyright Infringement

25.     Plaintiff incorporates each preceding paragraph as though fully stated herein by reference.

26.     Plaintiff has the exclusive right to reproduce, distribute, and publicly display copies of the Original Photographs pursuant to federal law, including 17 U.S.C. § 106.

27.     Plaintiff had published the Original Photographs on the online source as : https://zenphotographybydeb.smugmug.com/organize/weddings/2015/meghanwaheed

28.     Plaintiff did not grant Defendant the right to apply their logo or to reproduce or use for advertising purposes the Original Photographs.

29.     Defendant did willfully participate in and approve of the application of the Fortune Bay logo to the Original Photographs, creating the Infringing Photographs, and reproduced and used for advertising purposes the Original Photographs.

30.     Defendant willfully participate in and approve of the unauthorized publication and dissemination of the Infringing Photographs.

31.     The Defendant has infringed on the Plaintiff's copyright to the Original Photographs and willfully used the Infringing Photographs for advertisement purposes.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A.  Declaring that Defendant's unauthorized conduct violates Plaintiffs' rights under the Federal Copyright Act;

B.  Immediately and permanently enjoining Defendant from copying or republishing any of Plaintiff's copyrighted photographs;

C.  Awarding Plaintiff the greater of:

   a. Statutory damages of up to $150,000 for each of Defendant's willful infringements of Plaintiff's copyright of the Original Photographs, pursuant to 17 U.S.C. § 504(c)(2); or

   b. Defendant's profits derived from their infringement of the Original Images, in an amount in excess of $50,000 to be determined at trial;

D.  Awarding Plaintiff her costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 504; and

E.  Awarding Plaintiff such other and further relief as is just and proper.

**PARKER & WENNER, P.A.**

Dated: February 19, 2019

By: /s/ Jordan W. Anderson
Boris Parker (#291316)
Jordan W. Anderson (#391837)
100 South Fifth Street
2100 Fifth Street Towers
Minneapolis, MN  55402
Telephone:  (612) 355-2200
*Attorneys for Plaintiff*